JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Darryl Streety, appeals his conviction for sexual battery and label as a sexual predator. For the reasons that follow, we affirm.
 {¶ 2} Appellant was indicted by the Cuyahoga County Grand Jury on rape, gross sexual imposition, aggravated burglary, and kidnapping. Appellant pled not guilty to the charges at his arraignment. After negotiations with the State, appellant withdrew his previously entered not guilty plea to rape, a first-degree felony, and pled guilty to an amended charge of sexual battery, a third-degree felony. The remaining counts of the indictment were nolled. Appellant also stipulated to being a sexual predator. Appellant now contends that the sexual predator classification is unconstitutional and that his plea was not knowingly, intelligently and voluntarily made. We disagree.
 {¶ 3} In his first assignment of error, appellant argues that the 2003 amendments to R.C. Chapter 2950 are unconstitutional because they are punitive in nature. Initially, we note that appellant failed to raise the constitutionality of the sexual predator statute at the trial court level and, thus, has waived his argument in that regard. State v. Awan (1986),22 Ohio St.3d 120, syllabus. That notwithstanding, appellant's argument that the 2003 amendments to the sexual predator statute are unconstitutional is unpersuasive. For the reasons addressed by the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404 andState v. Williams (2000), 88 Ohio St.3d 513, we find the amendments withstand constitutional muster.
 {¶ 4} Accordingly, appellant's first assignment of error is overruled.
 {¶ 5} In his second assignment of error, appellant contends that his plea was not knowingly, intelligently and voluntarily made because the trial court failed to inform him that as a sexual predator he would not be able to reside within 1000 feet of a school.
 {¶ 6} The trial court, while not specifically mentioning the prohibition against residing within 1000 feet of a school, did inquire generally of appellant as to his understanding of the duties and obligations of being a sexual predator and his willingness to stipulate to the label. Appellant indicated that he was aware of his duties and obligations and that he did not have any questions about them.
 {¶ 7} While there could be some question as to the knowingly, intelligently and voluntarily made requirement of a plea where, as in this case, a defendant contends that he was unaware that stipulating to being a sexual predator meant that he was agreeing to not reside within 1000 feet of a school, the law, as it presently stands, does not require a trial court to inquire as to a defendant's understanding of such a consequence. Therefore, we find appellant's argument to the contrary to be without merit.
 {¶ 8} Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Calabrese, Jr., J., concur.